PER CURIAM.
In 1976 relator was convicted of simple burglary in Suit No. 252-813 in Orleans *1051 Parish and was sentenced to seven years imprisonment. His sentence was suspended, and he was placed on probation, on tfye condition of serving one year in parish prison. After relator was arrested in 1980 for possession of a firearm by a convicted felon, the district court revoked his probation in Suit No. 252-813 on May 23,1980 and made his seven-year sentence executory, to run concurrently with a federal sentence arising from a separate offense.
On May 28, 1980, in Suit No. 275-900 in Orleans Parish, relator was sentenced on the firearm possession offense to five years imprisonment, also to run concurrently with the federal sentence.
Relator then served one year, six months and 24 days on the federal sentence before being released on December 22, 1981 to the state authorities. Relator has been given credit by the Department of Corrections on his seven-year sentence in Suit No. 252-813 for the time served on his federal sentence, as well as for the one year served in parish prison as a condition of probation and the two months and 20 days served prior to original sentencing. However, relator contends in a postconviction application that he has completed his seven-year sentence and should be released.
On July 15, 1982 the district court denied relator’s postconviction application, further noting that the seven-year sentence was to run consecutively with the sentence in any case pending when probation was revoked. Relator now complains to this court that the two state sentences should run concurrently.
Relator’s executory seven-year sentence, imposed after revocation of probation on account of commission of another offense, shall run consecutively with his five-year sentence for the new conviction, since the court originally imposing probation did not specifically order that the sentences were to be served concurrently. La. C.Cr.P. Art. 901C(2), as amended by Act 397 of 1977. However, since the sentences for both Louisiana convictions were imposed concurrently with the sentence on relator’s federal conviction, relator is entitled to credit on both Louisiana sentences for the one year, six months and 24 days served on the federal sentence.
Accordingly, relator’s application is granted in part, and it is ordered that relator be given credit on both Louisiana sentences for time served on the federal sentence. Otherwise, the application is denied.