WILLIAMS, Judge.
On July 18, 1988, Greg Parker was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967. Defendant pleaded not guilty on July 20, 1988. On August 31, 1988, a jury found defendant guilty of attempted possession of cocaine. On December 28, 1988, defendant was sentenced as a second offender (predicate offense of simple burglary), to serve three years at hard labor without benefit of good time.
Defendant appeals, alleging that the trial court erred in imposing his sentence without benefit of good time. We amend defendant’s sentence and affirm as amended.

Facts

On May 31, 1988, at approximately 8:00 p.m., Officers Nathaniel Armour and Ronald Livingston proceeded to the intersection of Burdette and Hickory Streets in New Orleans.- Officer Livingston was approximately seven to ten feet away from defendant when he saw defendant discard a clear packet to the ground. Defendant and the other subject began walking away, and the officer summoned them back. The packet was found to contain a white powder believed to be cocaine, and defendant was arrested. In the immediate vicinity, officers also found a cassette case which contained eight packets of rock cocaine.
Two witnesses testified for the defendant. Blair Curtis and Eric Landry testified that they were with defendant when the officers arrived and did not see him discard the clear packet. Landry testified that his back was to defendant and that he did not see defendant throw the packet to the ground.
Our review of the record for errors patent reveals none.

Assignment of Error

In his sole assignment of error, defendant contends that the trial court erred in denying good time eligibility as a condition of his sentence. This assignment has merit.
LSA-R.S. 15:571.3 provides for diminution of a criminal sentence for good behavior. That statute reads in pertinent part:
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
[[Image here]]
(j) Simple burglary.
⅜ ⅜ ⅝ * ⅜ *
(q) A violation of the Louisiana Controlled Dangerous Substances Law which is a felony; or
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and (3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977. [Emphasis added.]
*1255 Under this provision, defendant is prohibited by operation of law from earning “good time”. Nevertheless, this Court has held that a trial court may not deny a defendant good time eligibility, even if he is prohibited from earning good time by operation of law. State v. Malancon, 536 So.2d 430, 434 (La.App. 4th Cir.1988). See also State v. Lordi, 543 So.2d 599, 600 (La.App. 4th Cir.1989). Therefore, the trial court erred in denying defendant good time eligibility.
We reject the State’s argument that the legislature intended to grant the sentencing court authority to deny good time eligibility. A careful examination of the history of the pertinent statute dating back to Acts 1910, No. 293, shows that credit for good time has generally been vested in the general manager or warden of the state penitentiary or the Department of Corrections. By Acts 1975, Nos. 478 and 727, a small exception was carved from the statute, giving the sentencing court minimal discretion in denying good time eligibility for some habitual offenders. By Acts 1977, No. 633, this discretion was removed from the sentencing court where the defendant had been convicted one or more times of certain enumerated felonies and had been sentenced as a multiple offender after September 9, 1977. We conclude from these amendments that the legislature did not intend to vest the sentencing court with authority to deny eligibility for good time.
For the foregoing reasons, we affirm defendant’s conviction, amend his sentence to delete that portion which denies him good time eligibility, and affirm as amended.
AFFIRMED AS AMENDED.