666 So.2d 661 (1996)
STATE ex rel. Tommy B. SIMMONS
v.
Richard L. STALDER, Secretary.
No. 93-KH-1852.
Supreme Court of Louisiana.
January 26, 1996.
Writ granted in part; otherwise denied. The sentenced imposed by the district court was flawed in two respects. First, any multiple offender sentence imposed under La.R.S. 15:529.1 following the offender's conviction for armed robbery must carry the parole disability provided by La.R.S. 14:64(B). State v. Bruins, 407 So.2d 685 (La.1981). Second, the provisions of La.R.S. 15:571.3(C) are directed to the Department of Corrections exclusively. Thus, "the sentencing judge has no ... role in the matter of good time credit, which is not part of the broad sentencing discretion granted to the trial judge." Jackson v. Phelps, 506 So.2d 515, 517-18 (La.App. 1st Cir.1987), writ denied 508 So.2d 829 (La.1987). See also State v. Parker, 573 So.2d 1253 (La.App. 4th Cir. 1991), writ denied, 577 So.2d 12 (La.1991). The district court is therefore ordered to correct relator's sentence to reflect parole ineligibility, or to resentence him, and is further ordered to correct the sentence by removing the provision prohibiting relator from earning good time. See State v. Harris, 93-1098 (La. 1/5/96), 665 So.2d 1164, cf. La.C.Cr.P. art 882. In all other respects the application is denied. See State ex rel. Martin v. State, 462 So.2d 637, 639 (La.1985).