714 So.2d 698 (1998)
STATE of Louisiana
v.
Raymond NARCISSE.
No. 97-K-3161.
Supreme Court of Louisiana.
June 26, 1998.
*699 PER CURIAM.[*]
Granted. Relator's sentence is vacated and this case is remanded to the district court for resentencing.
A trial court may not require restitution to the victim "unless the imposition or execution of sentencing is suspended." State v. Clark, 93-1470 (La.App. 3 Cir.1994), 643 So.2d 463, 467, writ denied, 94-2715 (La.2/9/95), 649 So.2d 418; State v. Matthews, 572 So.2d 250, 254 (La.App. 1 Cir. 1990), writ denied, 575 So.2d 387 (La.1991). In addition, a trial judge lacks authority under La.R.S. 15:573.1(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." State ex rel. Simmons v. Stalder, 93-1852 (La.1/26/96), 666 So.2d 661. Moreover, even the Department of Corrections lacks that authority under La.R.S. 15:571.3(C) in a case in which the trial court has not formally adjudicated and sentenced the defendant as a multiple offender under the provisions of La. R.S. 15:529.1. When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).
NOTES
[*] Victory, J., not on panel. Rule IV, part 2, § 3.