885 So.2d 533 (2004)
STATE of Louisiana
v.
Jason HOTARD.
No. 2004-KP-1092.
Supreme Court of Louisiana.
October 15, 2004.
PER CURIAM.
Writ granted in part; otherwise denied; case remanded for resentencing. Because none of the statutes under which relator was convicted contains a provision prohibiting parole for the entire term, the district court pronounced illegal sentences when it ordered all of relator's terms of imprisonment to run in their entirety without benefit *534 of parole, probation, or suspension of sentence. See St. Amant v. 19th J.D.C., 94-0567 (La.9/3/96), 678 So.2d 536; see also State v. Tate, 99-1483 (La.11/24/99), 747 So.2d 519. In addition, because the district court has no role in determining eligibility for diminution of sentence pursuant to R.S. 15:571.3 ("good time") for the crime involved, the district court erred in pronouncing relator's habitual offender sentence without benefit of good time. State ex rel. Simmons v. Stalder, 93-1852 (La.1/26/96), 666 So.2d 661. Also, the decision on whether a sentence arising from a probation revocation should run concurrently or consecutively with a sentence arising from a later offense lies with judge revoking probation. La.C.Cr.P. art. 901(C)(2); State ex rel. Holmes v. Maggio, 431 So.2d 1050, 1051 (La.1982). The district court is accordingly ordered to resentence relator to terms authorized under the statutes, and to issue corrected minute entries and commitment documents. In all other respects the application is denied.