BOBBY R. YOUNG
v.
LIBBY TIGNER; TIMOTHY WILKINSON, WARDEN, WINN CORRECTIONAL CENTER; RICHARD STALDER, SECRETARY, DEPARTMENT OF CORRECTIONS; AND LINDA RAMASY, DESIGNEE FOR THE SECRETARY OF DEPARTMENT OF CORRECTIONS
No. 2008 CA 1594.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
BOBBY R. YOUNG, Plaintiff-Appellant, In Proper Person.
MELINDA LONG, JONATHAN R. VINING Attorneys for Defendants-Appellees, Louisiana Department of Public Safety and Corrections
Before: CARTER, C.J., WHIPPLE AND DOWNING, JJ.
CARTER, C. J.
Plaintiff-Appellant, Bobby R. Young, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), filed a petition for judicial review of a final agency decision rendered under the Corrections Administrative Remedy Procedure Act. Mr. Young challenged DPSC's denial of good-time diminution-of-sentence credits based upon LSA-R.S. 15:571.3C, which prohibits inmates adjudicated of certain felonies or as an habitual offender from being eligible for good time. Mr. Young argued that DPSC was bound to classify him as good-time eligible because that was his initial classification. Following de novo review, the trial court adopted the Commissioner's March 10, 2008 Report as its reasons in its April 7, 2008 Judgment, affirming the DPSC decision and dismissing Mr. Young's suit with prejudice and at his cost. Mr. Young appeals the trial court's judgment.
The record supports, and Mr. Young does not dispute, that he was twice convicted of possession of cocaine and he was sentenced as a second felony habitual offender in 2002. DPSC initially misclassified Mr. Young as good-time eligible due to an apparent oversight of his habitual offender status. However, DPSC corrected the mistake and classified Mr. Young as ineligible for good-time diminution of sentence credits pursuant to LSA-R.S. 15:571.3C, which prohibits good-time eligibility for habitual offenders with felony drug convictions after 1977.
We conclude that the Commissioner's Report, adopted by the trial court as its reasons, thoroughly and adequately discusses the factual and procedural background of this case and provides an excellent analysis of the applicable law. After an extensive review of the entire record, we also agree with the reasons outlined in the Commissioner's Report. Therefore, we affirm the trial court's judgment upholding DPSC's decision and dismissing Mr. Young's suit. We further find no merit to Mr. Young's contentions that the trial court did not address all of the issues and failed to follow the Louisiana Supreme Court's directive to delete the prohibition of the diminution of sentence for good behavior in Mr. Young's appeal of his conviction and sentence.[1]
The provisions of LSA-R.S. 15:571.3C are directed to DPSC exclusively, and the trial court has no role in determining eligibility in the matter of good-time credit. Thus, it is clear that an inmate who has diminution-of-sentence eligibility set forth under his sentence may not be eligible for good-time credit under statutory law, as is true in this case. See State v. Hotard, 04-1092 (La. 10/15/04), 885 So.2d 533, 534; State v. Narcisse, 97-3161 (La. 6/26/98), 714 So.2d 698, 699; State ex rel. Simmons v. Stalder, 93-1852 (La. 1/26/96), 666 So.2d 661.
Accordingly, we affirm the trial court's judgment by summary opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2A(4), (5), (6), and (7). All costs of this appeal are assessed to plaintiff-appellant, Bobby R. Young.
AFFIRMED.
NOTES
[1] Mr. Young's conviction and sentence as an habitual offender were affirmed by the Second Circuit Court of Appeal in State v. Young, 37,673 (La. App. 2 Cir. 12/5/03), 862 So.2d 312, 324, writ granted in part and denied in part, 04-0029 (La. 5/14/04), 872 So.2d 505.