NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-372

STATE OF LOUISIANA

VERSUS

JOSHUA GRIFFINS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 74637
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

AFFIRMED.

Sherry Watters
Louisiana Appellate Project
P. O. Box 58769
New Orleans, LA 70158-8769
(504) 723-0284
Counsel for Defendant Appellant:
Joshua Griffins

**Hon. Asa A. Skinner**
**District Attorney - 30th JDC**
**Terry Wayne Lambright - Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71446-1188**
**(337) 239-2008**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**

**SAUNDERS, Judge.**

Defendant, Joshua Griffins, was charged by bill of information filed on June 16, 2008, with simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2, and theft over $500, in violation of La.R.S. 14:67. Defendant entered a plea of not guilty on June 17, 2008. On November 5, 2008, Defendant entered a plea of guilty to simple burglary, in violation of La.R.S. 14:62. The theft charge was dismissed.[1]

On January 27, 2009, Defendant was sentenced to five years at hard labor and charged a fine of $1,000 plus costs of court. The court suspended three and one-half years of the sentence and ordered that Defendant be placed on supervised probation for a period of five years upon his release from incarceration. The following special conditions of probation were ordered:

> Comply with Code of Criminal Procedure Article 895(A); pay the fine, costs and restitution to the victim in the amount of $800.00 all in accordance with a Court approved pay plan at the rate of $100.00 per month; pay to the Indigent Defender Board the sum of $250.00; pay $50.00 a month supervision fee to the Department of Public Safety and Corrections and an additional $5.00 per month payable to the Sex Offender Registry Technology Fund or perform eight hours a month public service in lieu of paying those fees; attend school or maintain gainful employment at all times during the probationary period.

Defendant filed a Motion to Reconsider Sentence on January 30, 2009, which was denied on February 3, 2009.

A motion for appeal was filed on February 10, 2009, and subsequently granted. Defendant is now before this court asserting one assignment or error. Therein, he contends his sentence is excessive. We find that this assignment of error lacks merit.

**FACTS:**

---

[1] The bill of information was amended at sentencing to reflect the charge of simple burglary, deleting the language regarding an inhabited dwelling.

On December 16, 2007, Defendant, along with two other co-defendants, entered the residence of William Spillers, damaged the property, and stole guns and various other personal items from the home.

**ASSIGNMENT OF ERROR:**

In his only assignment of error, Defendant contends his sentence of five years constitutes cruel and unusual punishment because it requires serving one and one-half years of incarceration, plus the maximum term of supervised probation upon release, plus monetary penalties that add up to more than $5,380. Defendant notes the monetary penalties are excessive, as he is indigent. Defendant also asserts the sentence is illegal, in that it requires incarceration if one of the fees is not paid, and it prohibits early release for good time, even though he is not a habitual offender.

Defendant asserts that his sentence is excessive in the following respects:

1) the underlying sentence of five years is too long for a first offender, in comparison to other offenders in similar cases and to his co-defendants in this case;

2) suspending 3.5 years and requiring 1.5 years of incarceration was excessive and close to the maximum, in that La. C.Cr.P. Art. 895 allows only 2 years of incarceration for a suspended sentence;

3) five years of active, supervised probation is the maximum term of probation;

4) Joshua Griffin had "gainful employment" at the time of sentencing and had already graduated from high school; these two conditions show that his sentence was not individualized; incarcerating him negated his employment;

5) The $1,000.00 fine was half of the maximum; the court added an undetermined amount of "court costs", plus $800.00 in restitution and $250.00 to the Indigent Defender Board; Joshua Griffin is indigent and represented by appointed counsel; there was no proof of the amount of damage to the Spillers; the total monetary penalty exceeds the $2,000.00 maximum in the statute.

2

6) a monthly fee of $50 for probation supervision, and another monthly fee of $5.00 to the sex offender registry technology fund totals another $3,330.00 over five years of probation; the total monetary penalties add up to more than $5,380.00 for this indigent defendant,

7) the fee to the sex offender registry technology fund has nothing to do with Joshua Griffin's offense and it is unconstitutional to require him to pay a penalty for an unrelated criminal expense; further to impose incarceration if the indigent defender defaults on payment is contrary to law;

8) Though he is a first offender, the minute entry also says that he is not eligible for good time, early release (R. 3, 81-85).

In his Motion to Reconsider Sentence, Defendant asserted that his sentence was excessive "under the circumstances, specifically, that defendant is classified as a first offender, and is eligible for probation." Defendant did not raise claims three through seven at the sentencing hearing or in his motion to reconsider sentence. Accordingly, these arguments cannot be raised for the first time on appeal. *See* La.Code Crim.P. art. 881.1(E); Uniform Rules—Courts of Appeal, Rule 1-3; *State v. Hebert*, 08-542 (La.App. 3 Cir. 11/5/08), 996 So.2d 688. This court does note that claim number eight was not asserted in the trial court; however, we will address this claim because it could be an error patent. We will also review claims one and two, which relate to the excessiveness of sentence.

> To constitute an excessive sentence, the penalty must be grossly disproportionate to the severity of the crime or be nothing more than needless imposition of pain and suffering. *State v. Howard*, 414 So.2d 1210 (La.1982). Additionally, the trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *Id*. Thus, the question before this court is not whether imposition of another sentence would be more appropriate, but whether the trial court abused its discretion. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Lee*, 08-456, pp. 6-7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1217, 1221-22.

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant pled guilty to simple burglary, which is punishable by a fine of not more than two thousand dollars, imprisonment with or without hard labor for not more than twelve years, or both. La.R.S. 14:62. Defendant was sentenced to serve five years at hard labor, three and one-half of which were suspended. He was also ordered to pay a fine of $1,000 and was placed on five years supervised probation, with special conditions, upon his release from incarceration.

At the sentencing hearing, the trial court noted that Defendant was twenty years old, was single, had one child, was in good health, was a high school graduate, was employed, and had no history of drug and alcohol abuse. However, the trial court also noted that Defendant caused damage to the victim's home, the victim's wife was afraid to stay home alone, and that, as part of a plea bargain, a felony theft charge was dismissed.

In *State v. Morris*, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076, Morris was convicted of simple burglary and sentenced to twelve years at hard labor. The fifth circuit concluded that despite Morris' lack of a criminal history, the sentence was warranted based on the three thousand dollars in damages to an ATM and kiosk.

This court does acknowledge that the amount of damage in the case at bar was far less significant than that in *Morris*. However, the charge of simple burglary in the case at bar was reduced from a charge of simple burglary of an inhabited dwelling,

which is punishable by imprisonment at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. Furthermore, a felony theft charge, which is punishable by imprisonment, with or without hard labor, for not more than ten years, or a fine not more than three thousand dollars, or both, was dismissed as part of the plea bargain. La.R.S. 14:67.

Defendant also argues that suspending three and one-half years of his sentence and requiring that he serve one and one-half years of incarceration was excessive and close to the maximum, in that La.Code Crim.P. art. 895 allows only two years of incarceration for a suspended sentence. Article 895 (B)(1) provides that "[i]n felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years." It is clear that Defendant's argument is misguided, as the trial court did not order incarceration as a condition of his probation; thus, article 895(B)(1) is inapplicable to the case at bar.

Defendant further asserts that though he is a first offender, the minute entry says that he is not eligible for good time, early release. At the sentencing hearing, the trial court stated the following: "Pursuant to Code of Criminal Procedure Article 894.1 you are hereby advised that your sentence is not subject to diminution for good behavior pursuant to Article 15:571.3."

In *State v. Narcisse,* 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, our supreme court held, in pertinent part:

> [A] trial judge lacks authority under La.R.S. 15:57[1].3 (C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La.1/26/96), 666 So.2d 661. . . . When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of

5

the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

In this case, the trial court merely *advised* Defendant pursuant to La.Code Crim.P. art. 894.1 that he was not eligible for diminution of sentence. Whether the advisement was correct has no effect since the Article states that the authority lies with the Department of Corrections. *Id*.

For the reasons asserted herein, we find that this assignment of error lacks merit.

## CONCLUSION:

Defendant's sentence is affirmed.

AFFIRMED.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules – Courts of Appeal.