# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-911


STATE OF LOUISIANA

VERSUS

SAMUEL LEE TATE, JR.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75779
HONORABLE VERNON B. CLARK, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## MARC T. AMY
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Marc T. Amy and J. David Painter, Judges.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTION
TO CORRECT SENTENCING MINUTES.**

William E. Tilley
District Attorney
Terry W. Lambright
Assistant District Attorney
Post Office Box 1188
Leesville, LA   71446-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
	State of Louisiana

Paula C. Marx
Louisiana Appellate Project
Post Office Box 80006
Lafayette, LA   70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
	Samuel Lee Tate, Jr.

AMY, Judge.

The defendant pled guilty to possession of Ecstacy. He was sentenced to five years imprisonment at hard labor and ordered to pay a $1,500.00 fine plus court costs. The defendant was advised that he was not eligible for diminution of his sentence. The defendant now appeals, asserting that the trial court erred in advising him he was not eligible for diminution of his sentence. For the following reasons, we affirm the defendant's sentence and remand the case with instruction to amend the trial court's sentencing minutes.

### Factual and Procedural Background

The defendant was initially charged by bill of information for possession of methylenedioxymethamphetamine (Ecstacy), possession of methamphetamine, possession of marijuana; possession with intent to use drug paraphernalia to pack, repack, store, contain, conceal or inhale, ingest or otherwise introduce a controlled dangerous substance into the human body, and; operating a motor vehicle without a license. Pursuant to a plea agreement, the defendant pled guilty to possession of ecstacy, a violation of La.R.S. 40:966(C), and the remaining counts were dismissed by the State. In addition to dismissing the remaining counts, the State agreed to not charge the defendant as a habitual offender in exchange for his plea.

On May 26, 2009, the trial court sentenced the defendant to five years imprisonment at hard labor and ordered him to pay a fine of $1,500.00 plus court costs. The defendant filed a Motion to Reconsider his sentence, which was denied by the trial court.

The defendant now appeals, asserting that the trial court erred in advising him that his sentence was not subject to diminution for good behavior.

**Discussion**

*Diminution of Sentence*

The defendant asserts that the trial court erred in advising him that his sentence was not subject to diminution for good behavior. At the sentencing hearing, the trial court stated, as follows:

> The sentence of the court is that you serve five years at hard labor with the Louisiana Department of Corrections and a [sic] pay fine of one thousand five hundred dollars plus court costs. I'll give you credit for time served since the date of your arrest and this sentence is to run concurrent with any other sentence that he is subject to. I advise you sir, that pursuant to the Code of Criminal Procedure, Article 894.1D, your sentence is not subject to diminution of [sic] - for good behavior due to your prior convictions and your sentence was not enhanced upon the basis of any habitual offender proceedings.

Louisiana Code of Criminal Procedure Article 894.1(D) states that:

> D. Immediately following the imposition of a felony sentence pursuant to this Article, the sentencing court shall advise the offender in open court of each of the following:
>
> (1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior.
>
> (2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law.

The defendant argues that the trial court lacked authority under La.R.S. 15:573.1(C) to deny him eligibility for diminution of sentence because the statute is exclusively directed toward the Department of Corrections. In *State v. Narcisse*, 97-3161 (La. 6/26/98), 714 So.2d 698, the court held, as follows:

> [A] trial judge lacks authority under La.R.S. 15:573.3(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La.1/26/96), 666 So.2d 661. Moreover, even the Department of Corrections lacks that authority under La.R.S. 15:571.3(C) in a case in which the trial court has not formally adjudicated and sentenced the defendant as a multiple offender under the provisions of La.R.S. 15:529.1. When the

2

sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

In the present case, the trial court did not violate the holding in *Narcisse* in that the trial court merely advised the defendant pursuant to his obligation under La.Code Crim.P. art. 894.1 that he was not eligible for diminution of sentence; it did not deny eligibility for diminution of his sentence. Accordingly, the defendant's sentence is affirmed.

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the fact of the record. After a review of the record, we find one error patent requiring further action.

The sentencing transcript indicates that the trial court ordered the defendant to pay a fine and court costs. However, the sentencing minutes only mention the trial court's order of the fine. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack,* 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied,* 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, we remand this case, and the district court is instructed to make the necessary corrections in the minutes.

**DECREE**

For the foregoing reasons, the defendant's sentence is affirmed. However, the case is remanded, and the district court is instructed to amend the minutes of the defendant's sentencing to indicate the trial court's order directing the defendant to pay court costs.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTION TO CORRECT SENTENCING MINUTES.**

3