821 So.2d 618 (2002)
STATE of Louisiana, Appellee
v.
William Darrell WATSON, Appellant.
No. 36,106-KA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 2002.
*619 Stephen A. Glassell, Angela G. Waltman, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Spencer Hays II, David G. Griffith, Assistant District Attorney, for Appellee.
Before NORRIS, BROWN and CARAWAY, JJ.
CARAWAY, J.
Defendant pled guilty to two drug charges: (1) Attempted possession of a Schedule IV Controlled Dangerous Substance (CDS), diazepam (Valium), with intent to distribute, and (2) Attempted distribution of a Schedule II CDS, methamphetamine. The trial court imposed two ten year sentences to run concurrently. Defendant appeals, complaining that his sentences are excessive and that the trial court should have recommended him for the Impact Program.[1] For the reasons herein, we conclude that the defendant's sentence as to count one is illegal, and we reduce the sentence to the maximum allowable, five years. Defendant's sentence on count two is affirmed.

Facts and Procedural History
As a result of a reverse sting operation on April 21, 2000, the defendant, William Darrell Watson (Watson), was charged with two drug-related offenses: count one, possession of diazepam (Valium) with intent to distribute, and count two, distribution of methamphetamine. The initial bill of information erroneously listed diazepam as a Schedule II CDS. The amended bill correctly lists diazepam as a Schedule IV CDS. La. R.S. 40:964. On December 12, 2000, the state accepted Watson's guilty pleas to the reduced charges of attempted possession of diazepam with intent to distribute and attempted distribution of methamphetamine.
On August 20, 2001, after reviewing Watson's pre-sentence investigative report (PSI), the trial court imposed concurrent sentences of ten years on each count. The trial court described the circumstances *620 surrounding the instant offenses before sentencing Watson. The PSI reflects that on April 21, 2000, the Bossier City Narcotics Division and a confidential informant (CI) set up a drug deal with the 22-year-old defendant. During the reverse sting operation, the undercover officer sold Watson $100.00 worth of Valium (200 tablets). Watson gave the undercover officer and the CI a marijuana joint and a small "baggie" of methamphetamine as partial payment for the Valium. After completion of the drug deal, the officer and CI left the scene. Watson was arrested while attempting to leave the area. Upon the search pursuant to arrest, the officers located the 200 Valium tablets and another marijuana joint in Watson's vehicle.
At sentencing, the trial court observed that Watson's juvenile record began in 1994 with an open container violation in Bossier City, and his adult criminal record began in 1997 with a disturbing the peace by fighting conviction (for which he received a probated sentence). Also noted was Watson's March 1997 conviction of simple burglary (for which he received yet another probated sentence). Watson's probation for the burglary charge was completed just prior to his arrest for the instant drug convictions. Additionally, the trial court observed that Watson was convicted in 1997 of disturbing the peace, a minor in possession of alcohol and possession of marijuana. Furthermore, the trial court stated that Watson was arrested for possession of marijuana and an open container violation in January 1997, which were subsequently nol prossed. The PSI also revealed that Watson had eight traffic violations from December 1994 through October 2000. Also, Watson was twice placed on probation and is a second felony offender. Watson is likewise not eligible for a suspended sentence.
Finally, the trial court did not recommend Watson for the Impact Program. The trial court noted that Watson was not originally recommended for the Impact Program. Then, an officer with the Department of Corrections re-interviewed Watson and suggested that he may be eligible for the program. However, the trial court ruled that since Watson was being sentenced outside the seven-year sentencing limit for the program, he would not qualify for the intensive incarceration program.
Thereafter, Watson filed a motion to reconsider sentence wherein he expressed his desire to participate in the Impact Program, obtain his GED, and receive drug treatment. At the hearing on Watson's motion, the trial court reiterated that the PSI showed an extensive criminal history, as well as Watson's failure to correct his criminal conduct in the past. The trial court also noted the large quantity of Valium tablets involved in the instant offense. Under these circumstances, the trial court found the sentences imposed appropriate, and denied Watson's motion to reconsider sentence.

Discussion

Excessive SentenceCount One
Watson asserts that the maximum sentence that could be imposed for count one, attempted possession of a Schedule IV CDS with the intent to distribute, is five years imprisonment at hard labor, and that the trial court exceeded that maximum sentence when it sentenced him to ten years imprisonment at hard labor. The defense requests that we reverse the sentence and remand the matter for resentencing. The state concedes in brief that the maximum sentence for count one is five years imprisonment at hard labor.
The offense of possession of a Schedule IV CDS with the intent to distribute *621 carries a maximum hard labor term of ten years. La. R.S. 40:969(B)(2). When the state accepted Watson's guilty plea to the reduced charge of attempted possession of diazepam with intent to distribute, this reduced the sentencing exposure for the offense to five years at hard labor. La. R.S. 40:979(A). The court recognized the maximum sentence and properly informed Watson of the sentencing range for count one during the guilty plea colloquy. However, the court sentenced Watson to ten years imprisonment at hard labor. The sentence imposed on count one is therefore illegal, because it is statutorily excessive.
La.C.Cr.P. art. 881.5 provides that, on motion of the state or the defendant, or on its own motion, at any time, the trial court may correct a sentence imposed by that court which exceeds the maximum sentence authorized by law. Furthermore, La.C.Cr.P. art. 882(A) provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
When correction of an illegal sentence does not involve the exercise of sentencing discretion, there is no reason why the appellate court should not simply amend the sentence; however, if correction involves the exercise of sentencing discretion, the case must be remanded for the trial court to perform that function. State v. Gregrich, 99-178 (La.App. 3d Cir.10/13/99), 745 So.2d 694. Under the circumstances regarding these concurrent sentences and based upon the reasons for sentencing expressed by the trial court, we find that the sentence for count one may be corrected by this court, and we reduce that sentence to the five-year maximum, to run concurrently with the sentence for count two.

Excessive SentenceCount Two
Watson next complains that the ten-year sentence received on count two, attempted distribution of methamphetamine, is excessive. The prison sentence exposure for distribution of methamphetamine is a hard labor term of not less than five years nor more than thirty years. La. R.S. 40:967(B)(1). When the state accepted Watson's guilty plea on count two of attempted distribution of methamphetamine, defendant's sentencing exposure was reduced to not less than two and one-half years nor more than fifteen years at hard labor. La. R.S. 40:979(A).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d *622 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La.1988).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
A review of the record reveals that the trial court was aware of the matters urged by the defense prior to imposing sentence, i.e., the defendant's young age, prior criminal history and seriousness of the offense. The record clearly shows that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Watson's ten year sentence at hard labor is well within the statutory limits for his guilty plea to count two, attempted distribution of methamphetamine. La. R.S. 40:967(B)(1); La. R.S. 40:979(A). A trial court has broad discretion to sentence within the statutory limits. Watson pled guilty to an offense which does not adequately describe his conduct and, moreover, he received a significant reduction in potential exposure to confinement through a plea bargain. Thus, the trial court had great discretion in imposing even the maximum sentence possible for the pled offense. See State v. Black, supra. This sentence is neither grossly out of proportion to the seriousness of the offense nor nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, supra. When the crime and punishment are viewed in light of the harm done to society, this sentence does not shock our sense of justice. State v. Hogan, supra; State v. Bradford, supra. Finding no showing of manifest abuse of the trial court's vast discretion, this court may not set aside a sentence. State v. Guzman, supra. This argument is therefore without merit.

EligibilityImpact Program
The defense finally argues that the trial court abused its discretion in failing to sentence Watson to a term of imprisonment that would allow him to be eligible for the Impact Program. Under La. R.S. 15:574.4(A)(2), eligibility for the Impact Program requires that: (1) the sentence imposed is seven years or less, (2) the *623 department, through the division of probation and parole, must recommend the defendant for the program, and (3) the trial court must also recommend that the defendant be considered for the program. The statute does allow for a second felony, nonviolent offender to be considered for the program. The defense urges that, although initially not recommended for the Impact Program, Watson was further interviewed and evaluated (at defense counsel's request), and subsequently recommended for the program. The defense notes that Watson's background, including his young age, one prior felony conviction and one prior misdemeanor conviction, makes him the perfect candidate for the Impact Program. Further, Watson argues that the present offense involved only one transaction and a "small" amount of drugs, and that he is now ready to straighten out his life.
La.C.Cr.P. art. 872 states that a sentence must rest upon a "valid and sufficient statute." That statute, or statutes in this case, provided defendant's sentencing exposure of not less than two and one-half years nor more than fifteen years at hard labor. La. R.S. 40:967(B)(1) and 979(A). Our review of the sentence therefore is limited to the trial court's imposition of sentence under the statutory provisions for the attempted drug offense in this case and subject to the constitutional constraints noted above. Since we have found that the statutes providing for sentence in this case were properly complied with and that the sentence was not required to be limited to seven years, the statutes providing for the Impact Program can have no bearing on this appellate review of Watson's sentence. Watson's eligibility under all other criteria for the Impact Program does not require that his otherwise valid sentence be reduced to meet the seven-year sentence limit for the program. This argument is therefore without merit.

Conclusion
For the foregoing reasons, defendant's sentence as to count one, attempted possession of diazepam with intent to distribute is hereby corrected by amending the sentence to the five-year legal maximum. Said sentence to run concurrently with the sentence for count two. Furthermore, defendant's sentence as to count two, attempted distribution of methamphetamine is not excessive and is affirmed.
AMENDED IN PART AND AFFIRMED.
NOTES
[1] The Impact Program is an intensive incarceration program operated by the Louisiana Department of Corrections under the authority of La. R.S. 15:574.4(A)(2)(a).