NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 09-499

STATE OF LOUISIANA

VERSUS

RICKY N. NOLEN

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75186
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**SENTENCE AFFIRMED.**

**William E. Tilley**
**District Attorney - Thirtieth Judicial District Court**
**Terry Wayne Lambright**
**Assistant District Attorney - Thirtieth Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Peggy J. Sullivan**
**La Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**Counsel for Defendant/Appellant:**
**Ricky N. Nolen**

**EZELL, JUDGE.**

On September 15, 2008, the Defendant, Ricky N. Nolen, was charged by bill of information with distribution of methamphetamine, a violation of La.R.S. 40:967. The Defendant pled guilty to the lesser offense of attempted distribution of methamphetamine on December 3, 2008, and was sentenced on February 25, 2009 to six years at hard labor, four years suspended, and three years of supervised probation upon his release. A fine of $2,500.00 was also imposed.

A motion to reconsider sentence was filed on February 27, 2009, and was summarily denied, without reasons, that same day. The Defendant is now before this court on appeal, asserting that his sentence is excessive.

## FACTS

The following facts set forth at the Defendant's guilty plea and sentencing indicate that on November 13, 2007, undercover agents with the Vernon Parish Narcotics Task Force planned and executed a controlled buy of $100.00 worth of methamphetamine from the Defendant. The substance recovered was tested and confirmed to be methamphetamine.

## ARGUMENT

Although not raised as an "assignment of error," the State's brief requests consideration of an issue not raised by the Defendant. The State contends that the trial court denied "good time" in accordance with La.Code Crim.P. art. 894.1(D)(1) and La.R.S. 15:571.3(C). The State notes that La.Code Crim.P. art. 894.1 requires the trial court to advise a defendant as to whether his sentence is subject to diminution, but La.R.S. 15:571.3 appears to put the authority of awarding and calculating good time with the incarcerating agency, not the trial judge. If the trial court was without authority to deny eligibility for diminution of sentence, the State

requests that provision be stricken from the Defendant's sentence. Otherwise, if the trial court had such authority, the State requests the sentence be allowed to stand.[1]

Louisiana Code of Criminal Procedure Article 894.1 provides, in pertinent part:

> D. Immediately following the imposition of a felony sentence pursuant to this Article, the sentencing court shall advise the offender in open court of each of the following:
>
>> (1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior.
>>
>> (2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law.

At sentencing, the judge stated, "I advise you, sir, that pursuant to the Code of Criminal Procedure Article 894.1D your sentence is not subject to diminution for good behavior and your sentence was not enhanced upon the basis of any habitual offender proceedings." We find that the trial court was complying with the requirement set forth in La.Code Crim.P. art. 894.1(D) and did not actually deny eligibility for diminution of sentence.

In *State v. Narcisse,* 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, the court held in pertinent part:[2]

> [A] trial judge lacks authority under La.R.S. [15:573.1(C)] to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La.1/26/96), 666 So.2d 661. . . .When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of

---

[1] The State also questions whether the use of the words "one" and "and" within La.R.S. 15:571.3(C)(1) and (2) could be in conflict. It requests this court issue "some direct and unambiguous language of its interpretation of La.C.Cr.P. art. 894.1 and La.R.S. 15:571.3(C)(1) and (2) or direct [it] to a specific case which clarifies these two (2) articles/statutes and their application." We have addressed the issue raised by the State to the extent necessary to determine whether the requested relief should be granted.

[2] It appears the supreme court intended to refer to La.R.S. 15:571.3 rather than La.R.S. 15:573.1 as La.R.S. 15:571.3 concerns diminution of sentence. Louisiana Revised Statutes 15:573.1 concerns prohibited contact with the Board of Pardons.

the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

In this case, the trial court merely *advised* the Defendant pursuant to La.Code Crim.P. art. 894.1 that he was not eligible for diminution of sentence; it did not *deny* eligibility for diminution of sentence pursuant to La.R.S. 15:571.3, as prohibited by *Narcisse*. Accordingly, no corrective action will be taken regarding the Defendant's sentence.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the Defendant argues that his sentence, particularly the unsuspended portion, is unconstitutionally harsh and excessive. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted)(second alteration in original).

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense

3

committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

The maximum possible sentence for attempted distribution of methamphetamine is fifteen years at hard labor and a fine of not more than $25,000.00. *See* La.R.S. 40:967(B)(1) and 14:27. As such, the Defendant's six-year sentence and $2,500.00 fine are significantly less than the maximum possible sentence and fine for the offense. Also, the Defendant derived a substantial benefit from his plea agreement which significantly reduced his sentencing exposure from thirty to fifteen years and the possible fine from $50,000.00 to $25,000.00. Lastly, the Defendant is required to serve two years, only one-third of the sentence imposed, because the trial court suspended the remainder of his sentence.

At sentencing, the trial court stated that it reviewed the Defendant's pre sentence investigation report and that pursuant to La.Code Crim.P. art. 894.1, it found the following facts to be pertinent in sentencing the Defendant:

> This is a drug case and there is always significant economic harm on society in general when one deals in the use or distribution of illegal drugs. There are no substantial grounds which would tend to excuse or justify his criminal conduct nor did he act under strong provocation by any victims. He's forty-six years of age. He's married and has six children. He has a ninth grade education but has not obtained a GED. He has a history of some drug use and went to some AA classes in Allen

Parish at one time. He has one conviction in 1995 in Oberlin for a DWI and was given six months probation for that.

On appeal, the Defendant contends that there was no indication that he engaged in a pattern of distributing drugs and that the offense involved one sale for $100.00. As such, the Defendant maintains that the harm to society considered by the trial court in determining his sentencing was insignificant. The Defendant also asserts that economic harm is not an aggravating factor since it would be true in every case of distribution and would have been considered as part of the legislative decision in determining the penalties for this offense.

The Defendant, however, did not address the issue concerning economic harm at the sentencing, nor did he raise the issue in his motion to reconsider. The Defendant's failure to include this specific ground in his motion to reconsider precludes him from urging same for the first time on appeal. La.Code Crim.P. art. 881.1. Thus, the Defendant's allegation regarding the court's consideration of economic harm is not properly before this court and will not be considered herein.

The Defendant also complains that the trial court did not consider in mitigation his age, his education level, his lack of prior felony convictions, the need to support his family, and his history of drug use. The record reflects, however, that the trial court specifically stated that it considered all of these factors in determining the sentence imposed.

In a somewhat similar case, *State v. Watson*, 36,106 (La.App. 2 Cir. 6/12/02), 821 So.2d 618, the defendant was charged with distribution of methamphetamine and possession of diazepam with the intent to distribute. Pursuant to a plea agreement, the defendant entered pleas of guilty to the lessor offenses of attempted distribution of methamphetamine and attempted possession of diazepam with intent to distribute. The trial court subsequently imposed ten years at hard labor on each conviction with

5

the sentences to run concurrently. On appeal, the defendant's sentence for attempted distribution of methamphetamine was affirmed. In reaching its decision, the court noted that the defendant pled guilty to an offense which did not adequately describe his conduct and that he received a significant benefit from his plea bargain. As such, the court determined that the trial court had great discretion in imposing even the maximum sentence possible. Additionally, the defendant had an extensive criminal history and a large quantity of diazepam was involved in the offense.

Considering the facts herein, the Defendant has not shown that his sentence is grossly disproportionate to the offense for which he pled guilty, especially in light of the benefit received from his plea agreement. Although he does not have an extensive criminal history, the minimal sentence and fine imposed indicate that the trial court, in fact, considered the mitigating factors of the instant case and do not demonstrate a needless imposition of pain and suffering. Accordingly, the trial court did not abuse its wide sentencing discretion, and thus, the Defendant's sentence will not be disturbed on appeal.

## CONCLUSION

The Defendant's sentence is affirmed.

**SENTENCE AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.

6