DREW, J.
 

 | defendant, Don Drury, entered a guilty plea, with benefit of counsel, to the charge of DWI first offense, La. R.S. 14:98, after being advised of his rights per
 
 *1151
 

 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 He was sentenced that day on the DWI, after which his lawyer entered a guilty plea on his behalf to an amended charge of operating a vehicle with an expired motor vehicle inspection sticker. La. R.S. 32:53(D). The defendant was then sentenced for the expired MVI sticker.
 

 He now asks this court to review his DWI sentence. We affirm both convictions, as well as the sentence for the expired MVI sticker.
 

 We vacate the illegally excessive DWI sentence and remand for resentencing.
 

 FACTS
 

 On October 18, 2008, Drury was arrested in Bossier City for driving while intoxicated. He submitted to a breath test, which reflected a .104% blood alcohol concentration. On October 29, Drury was charged by bill of information with driving while intoxicated, a violation of La. R.S. 14:98. Attached to the bill of information was a separate citation for speeding, which was later amended on the date of the pleas.
 

 Guilty pleas and sentencings occurred on June 16, 2009. For the expired MVI sticker conviction, Drury was ordered to pay $25 plus costs, or serve five days concurrently with the DWI sentence.
 

 On the DWI, Drury was sentenced:
 

 • to pay a fine of $1,000 plus costs, or in default, to serve 100 days; and
 

 12* to serve 180 days, with 160 of the days suspended.
 
 [1]
 

 LAW
 

 La. R.S. 14:98(B)(1) sets out the maximum penalty provisions for DWI, first offense.
 
 [2]
 

 Our general law pertaining to the review of sentences is well settled.
 
 [3]
 
 The trial court here noted as an aggravating circumstance only that the defendant had a rather “impressive drug history.”
 

 
 *1152
 
 Defendant claims that the sentence is nothing more than a purposeless and needless infliction of pain and suffering, noting that other individuals were sentenced that day for DWI, with less restrictive conditions.
 

 | «¡This record reflects a valid plea to and sentence for the expired MVI sticker.
 

 The conviction for DWI is lawful, as the defendant freely, voluntarily, knowingly, and intelligently pled guilty by virtue of a perfectly valid waiver of rights administered by the learned trial court, particularly considering the difficulty of taking pleas of three defendants at one time. The sentence for DWT, however, exceeds the statutory maximum of six months.
 

 “The defendant ... also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted[.]” La. C. Cr. P. art. 881.2(A)(1).
 
 See also, State v. Watson,
 
 36,106 (La.App.2d Cir.6/12/02), 821 So.2d 618.
 

 A highly unlikely scenario could play out under this sentence. In default of paying the fíne and costs,
 
 [4]
 
 and if his probation is revoked, Drury could serve 280 days on the DWI. This exceeds the six-month statutory limitation for a jail sentence for the crime of DWI first offense. We accordingly vacate the DWI sentence and remand for resentencing.
 

 We note that maximum sentences are reserved for the worst of offenders and any assessment of the statutory maximum must be amply supported by the record.
 

 1 ¿DECREE
 

 BOTH CONVICTIONS ARE AFFIRMED, THE EXPIRED MVI STICKER SENTENCE IS AFFIRMED, AND THE DWI SENTENCE IS VACATED AND REMANDED FOR RESENTENC-ING.
 

 [1]
 

 . He was placed on supervised probation for a period of two years with numerous special conditions.
 

 [2]
 

 . On a first conviction, notwithstanding any other provision of law to the contrary, the offender shall be fined not less than three hundred dollars nor more than one thousand dollars, and shall be imprisoned for not less than ten days nor more than six months. Imposition or execution of sentence shall not be suspended unless:
 

 (a) The offender is placed on probation with a minimum condition that he serve two days in jail and participate in a court-approved substance abuse program and participate in a court-approved driver improvement program; or
 

 (b) The offender is placed on probation with a minimum condition that he perform four eight-hour days of court-approved community service activities, at least half of which shall consist of participation in a litter abatement or collection program, participate in a court-approved substance abuse program, and participate in a court-approved driver improvement program. (Our emphasis.)
 

 [3]
 

 .The Louisiana Supreme Court has held that sentences shall be particularized as to each defendant.
 
 See State v. Smith,
 
 433 So.2d 688 (La.1983).
 

 A sentence is deemed excessive where it is grossly out of proportion to the severity of the crime or where it is “nothing more than the purposeless and needless imposition of pain and suffering.”
 
 State
 
 v.
 
 Bonanno,
 
 384 So.2d 355 (La.1980).
 

 Sentences within statutory limits may be reviewed for excessiveness. La. Const. Art. I, § 20; Art. V, § 5;
 
 State v. Parish,
 
 429 So.2d 442 (La.1983).
 

 A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive.
 
 State v. Square,
 
 433 So.2d 104 (La.1983);
 
 State v. Washington,
 
 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
 

 [4]
 

 . We recognize that an indigent defendant cannot be incarcerated because of his inability to pay fine and costs on account of his poverty. We further acknowledge that a defendant who had the money to do so, would certainly pay the fine and costs, rather than be incarcerated. This doomsday scenario could only happen upon the refusal to pay by a defendant with the financial wherewithal to do so, plus the revocation of
 
 his
 
 probation, a highly unlikely and rare occurrence.