GASKINS, J.
 

 hThe defendant, John Paul Scott, appeals as excessive his sentence to serve seven and one-half years’ imprisonment at hard labor following his plea of guilty to attempted illegal possession of a firearm by a convicted felon. For the following reasons, the conviction and sentence are affirmed.
 

 FACTS
 

 On February 10, 2008, while responding to a report that an individual was driving recklessly, a law enforcement officer stopped the defendant’s vehicle for the misdemeanor offense of littering. The officer recognized the defendant, who was the driver, from prior contact and asked him if there were any firearms in the vehicle. The defendant stated that there were none, and gave the officer his verbal consent to search the vehicle. The officer discovered a loaded pistol in the driver’s side door pocket. The defendant had previously been convicted of possession of marijuana on May 25,1999, and possession of cocaine on April 29, 2002.
 

 The defendant was originally charged with illegal possession of a firearm by a convicted felon. On October 14, 2008, the defendant appeared before the trial court. The state offered to amend the charge to attempted possession of a firearm by a convicted felon in exchange for a plea of guilty. The sentencing court stated that it would not order a presentence investigation report, and, if the defendant agreed to plead guilty to the reduced charge, he would be sentenced to the maximum term of incarceration for that offense, seven and one-half years at hard labor.
 

 The defendant stated that he understood and agreed to the terms of the plea agreement and entered a plea of guilty to the reduced charge. Also, |ain exchange for the guilty plea, the state dismissed misdemeanor charges of reckless operation of a vehicle and littering. After questioning the defendant regarding his understanding of the rights waived by a plea of guilty, the sentencing court accepted the guilty plea. The defendant waived the three-day sentencing delay and the court imposed the sentence as specified. The court stated that the defendant was to receive credit for time served and said, ‘You can appeal the sentence of the court.”
 

 The defendant did not file a motion to reconsider the sentence. He now appeals, arguing that his sentence is excessive.
 

 EXCESSIVE SENTENCE
 

 The defendant argues on appeal that his sentence is excessive.
 
 [1]
 
 The defendant contends that he has a substance abuse problem and the instant criminal behavior is a “direct derivative” of such substance abuse. He argues that the maximum señ-
 
 *1060
 
 tence imposed in this case does not contribute to acceptable goals of punishment, and the trial court should have been more cognizant of his need for the intensive rehabilitation programs available within or outside the Department of Corrections. The defendant also points out that his prior convictions were nonviolent; he concludes that the maximum sentence was unwarranted.
 

 |sThe state notes that the defendant received an agreed-upon sentence, and the trial court stated reasons for imposing sentencing, thereby complying with La. C. Cr. P. art. 894.1. It further argues that an agreed-upon sentence cannot be appealed as excessive.
 

 LEGAL PRINCIPLES
 

 Where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved, and there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1.
 
 State v. Fizer,
 
 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243;
 
 State v. Bailey,
 
 40,098 (La.App.2d Cir.10/26/05), 914 So.2d 116,
 
 writ denied,
 
 2006-0462 (La.9/22/06), 937 So.2d 377;
 
 State v. Smith,
 
 39,719 (La.App.2d Cir.5/11/05), 903 So.2d 598. See also La. C. Cr. P. art. 881.2;
 
 State v. Young,
 
 96-0195 (La.10/15/96), 680 So.2d 1171;
 
 State v. Foster,
 
 42,212 (La.App.2d Cir.8/15/07), 962 So.2d 1214;
 
 State v. Burford,
 
 39,801 (La.App.2d Cir.6/29/05), 907 So.2d 873.
 

 When the right to appeal is mentioned by the trial judge during the plea colloquy, even though there is an agreed sentence or sentencing cap, this court has allowed the defendant’s sentence to be reviewed. Otherwise, the issue of whether the advisement of the right to appeal had any effect on the voluntariness of the plea might arise. See
 
 State v. Fizer, supra,
 
 and
 
 State v. Foster, supra.
 
 In the present case after sentencing, the trial court specifically advised the defendant that he had the right to appeal his |4sentence. He was also advised of the time limits for making an application for post-conviction relief. In both the
 
 Fizer
 
 case and the case
 
 sub judi-ce,
 
 the trial court did not mention any appeal rights during the plea; therefore, it could not have influenced the plea and the sentence is not reviewable. See
 
 State v.
 
 Fizer,
 
 supra.
 

 Although this court need not review the sentence for excessiveness, we do so in the instant case out of an abundance of caution. See
 
 State v. Fizer, supra.
 
 While compliance with La. C. Cr. P. art. 894.1 is not required because of the sentencing cap, this court notes that the record shows that the trial court in fact took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547
 
 *1061
 
 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Furthermore, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 As a general rule, maximum sentences are appropriate only in cases involving the most serious violations of the offense and the worst types of offender.
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792;
 
 State v. Black, supra.
 
 Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 2004-0597 (La.9/24/04), 882 So.2d 1165.
 

 DISCUSSION
 

 A review of the record reveals that the defendant’s maximum sentence of seven and one-half years at hard labor is not an abuse of the trial court’s much discretion and is not excessive. The defendant, who has two prior convictions for drug-related felonies, was actually in possession of a loaded weapon when he was stopped by a law enforcement officer. The defendant received a substantial benefit as a result of the plea bargain agreement whereby he was allowed to plead guilty to the lesser charge of attempted possession of a firearm by a convicted felon. The sentence imposed is not grossly disproportionate to the severity of the offense. Because the defendant pled guilty to an offense that did not adequately describe his conduct, we find that the trial court did not abuse its discretion by imposing the maximum sentence in this case. The defendant’s argument to the contrary is without merit.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the conviction and sentence of the defendant, John Paul Scott.
 

 AFFIRMED.
 

 [1]
 

 . The defendant argues that the trial court erred in imposing an excessive sentence of seven and one-half years at hard labor,
 
 to be served without the benefit of parole, probation
 
 or
 
 suspension of sentence.
 
 In fact, the trial court did
 
 not
 
 specify that the sentence is to be served without benefits.