# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 09-1286

STATE OF LOUISIANA

VERSUS

JIMMY JOE CHANDLER

****************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75757
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

****************

JAMES T. GENOVESE
JUDGE

****************

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Asa A. Skinner**
**District Attorney – Thirtieth Judicial District**
**Terry W. Lambright, Assistant District Attorney**
**Post Office Box 1188**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**


**Carey J. Ellis, III**
**Louisiana Appellate Project**
**Post Office Box 719**
**Rayville, LA 71269-0719**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jimmy Joe Chandler**

**GENOVESE, Judge.**

In this criminal case, the Defendant, Jimmy Joe Chandler, appeals his seven-year sentence pursuant to his guilty plea for the offense of attempted possession of a firearm by a convicted felon. He claims that his sentence is excessive.

The Defendant was charged by bill of information filed on January 16, 2009, with failure to abide by commission rules with deer harvest record requirements, in violation of La.R.S. 56:115, and possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. The Defendant entered a plea of not guilty on January 20, 2009. On March 9, 2009, the bill of information was orally amended to reflect the charge of attempted possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1 and La.R.S. 14:27. On that date, the Defendant, as part of a plea agreement, waived arraignment and entered a plea of guilty to the amended charge of attempted possession of a firearm by a convicted felon. As a result of the Defendant's plea, the State dismissed the remaining charge of failure to abide by commission rules with deer harvest requirements and agreed not to pursue Defendant as a habitual offender.

The Defendant was sentenced on August 18, 2009, to serve seven years at hard labor and to pay a fine of $1,500.00 and costs of court. A Motion to Reconsider Sentence was filed on August 20, 2009, and subsequently denied. A Motion for Appeal and Designation of Record was filed on August 28, 2009, and was subsequently granted.

The Defendant is before this court asserting one assignment of error. He contends that his sentence of seven years at hard labor imposed for his guilty plea to attempted possession of a firearm by a convicted felon is excessive. The Defendant does not assert on appeal that his $1,500.00 fine is excessive; therefore, that part of

the Defendant's sentence is not before this court and is not considered. For the following reasons, we affirm the Defendant's sentence.

## FACTS

At the time the Defendant entered his guilty plea, the following factual basis was given:

> The State contends that on or about October 25th, 2008, the defendant was found by Wildlife and Fisheries agents hunting in the Little Red Banks Road, Clear Creek Wild Management area, which is within Vernon Parish, and he was there armed with a seven millimeter Remington bolt action rifle. This was seized at the time as it was suspected he was a convicted felon[,] and there was a determination made that in fact he was guilty of and convicted of the manufacture, growth [sic] of marijuana in Desoto Parish by his guilty plea on November 18th, 1991, full release from the sentence imposed in that case was March 1 of 2001[,] and in Quachita [sic] Parish of the offense of simple robbery. The plea having been entered 5/29/96 and full release from the penalty assessed in the sentence on that case was 3/1, 2001 [sic].

## ERRORS PATENT & PROCEDURAL ISSUE

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note that there is one error patent.

There is a misjoinder of offenses in the bill of information. The bill of information, as amended, charged the Defendant with the following: (1) failure to abide by commission rules with deer harvest record requirements, a violation of La.R.S. 56:115; and (2) attempted possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1.

Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill under limited circumstances if the offenses joined are triable by the same mode of trial. The charge of failure to abide by commission rules with

2

deer harvest record requirements is a misdemeanor and is triable by a judge without a jury. *See* La.Code Crim.P. art. 779. The charge of attempted possession of a firearm by a convicted felon is a felony and is triable by a jury of twelve in which ten must concur to render a verdict. *See* La.Code Crim.P. art. 782. Therefore, these offenses were improperly joined. However, the Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses, as required by statute. *See* La.Code Crim.P. art. 495. Additionally, by entering an unqualified guilty plea, the Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Thus, this error patent need not be reviewed or considered in this appeal.

We also note that because the misdemeanor offense was not triable by jury, the proper mode of appellate review for that offense would have been an application for writ of review, rather than an appeal. La.Code Crim.P. art. 912.1. However, because that charge was dismissed, that procedural issue was rendered moot.

### ASSIGNMENT OF ERROR

In his only assignment of error, the Defendant contends that his sentence of seven years at hard labor imposed for his guilty plea to attempted possession of a firearm by a convicted felon constitutes an excessive sentence.

The Defendant was convicted of attempted possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1(B), which states:

> Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.

The Defendant was convicted of an attempt crime. Louisiana Revised Statutes

3

14:27(D)(3) sets forth the appropriate penalty for the attempt to possess a firearm by a convicted felon as follows:

> In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

"[T]he language of La.R.S. 14:27(D)(3) (the attempt statute) does not require a minimum penalty even though one is required for the completed offense." *State v. Everett*, 05-214, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 1210, 1212. Further, the sentence must be served without benefit of probation, parole, or suspension of sentence.[1] *Id.*

The Defendant specifically argues that his sentence is excessive. This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250, as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.
>
> *State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).
>
> In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

---

[1]We note that as part of the plea agreement, the parties agreed that the sentence would be subject to probation, parole, or suspension of sentence.

4

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

The Defendant that asserts he received a sentence that was six months less than the maximum sentence. He further asserts that his sentence is excessive for possessing a deer rifle for hunting, which he did not understand he could not do. The Defendant additionally asserts that after his guilty plea, he gave away his handguns, which he contends demonstrates that he did not realize that he could not hunt and, thus, it was not his intention to violate the law.

The Defendant also asserts that the trial court did not have the benefit of his social history in the pre-sentence investigation report and that nothing was mentioned as to his family ties, marital status, employment status, or other factors in compliance with La.Code Crim.P. art. 894.1. The Defendant also contends that his age at the time of his prior offenses should have been considered in formulating his sentence.

The Defendant further asserts that he has a serious lung condition, in addition to other health problems, of which the trial court was aware. The Defendant contends that the trial court did not adequately take into consideration the mitigating factors set forth herein. Additionally, he contends that his sentence was imposed without benefit of diminution of sentence for good time.

Finally, the Defendant asserts that the State did not desire a harsh sentence, as

5

the State did not object to suspension of sentence, probation, or a much lesser sentence than that which was imposed.

At the sentencing hearing, the Defendant informed the trial court that he had been having respiratory problems. The trial court informed the Defendant that it was aware that he had had surgery. The trial court then stated the following:

> All right. The [c]ourt considered the factors of Article 894.1 of the Code of Criminal Procedure and found that the following were applicable. First, there are no substantial grounds which would tend to excuse his criminal conduct. He did not act under strong provocation, and, by that, I mean he knew he was a convicted felon[,] and he knew he was not suppose[d] to be in possession of a firearm[,] and nobody made him go. Nobody enticed him to do it. He's forty years of age. I didn't have any social history in the report because he was not able to - or, did not report to the probation office prior to the pre-sentence being completed, but I do have his criminal record[,] and it reflects that he's a third felony offender. The report indicated that on November the 18th, 1991[,] in the Eleventh JDC[,] he was convicted of cultivation of marijuana and possession with intent to distribute marijuana and was given [a] four years [sic] Department of Corrections sentence. On May 29th, 1996, in the Fourth JDC[,] he was convicted of simple robbery and given [a] one year Department of Corrections [sentence,] and that was to run consecutive to any other sentence. On June 18th, 2003, in the Fifteenth JDC in Crowley, he pled guilty to illegal carrying of a weapon, [a] misdemeanor, reduced from the charge of possession of a firearm by a convicted felon[,] and he was given a six-month sentence that was suspended[,] and he was placed on one year of unsupervised probation. So, he has some history of a prior charge of this kind[,] and he has a robbery charge and then some drug charges. He's - he's somewhat covered the range of charges here from drugs, to robbery, to guns. I don't know if you've learned your lesson or not. I know at the time you were arrested on this you hadn't learned your lesson.

The Defendant then informed the trial court that he had gotten rid of "everything," including his hunting clothes. He further explained that he misinterpreted the law.

Based on the trial court's remarks and those of the Defendant, we find that the trial court was aware that the Defendant was hunting at the time of the offense, that he gave away his guns, and that he had serious health problems. Further, the Defendant had an opportunity to speak at the sentencing hearing and failed to provide

6

the trial court with information regarding his family ties, marital and employment status, and any other information that he felt was pertinent to the determination of the sentence to be imposed.

In *State v. Scott*, 44,509 (La.App. 2 Cir. 8/19/09), 17 So.3d 1058, the defendant was charged with illegal possession of a firearm by a convicted felon. He pled guilty to the amended charge of attempted possession of a firearm by a convicted felon and was sentenced to seven and one-half years at hard labor. On appeal, he argued that his maximum term of incarceration was excessive. In denying his claim, the court stated the following:

> The defendant, who has two prior convictions for drug-related felonies, was actually in possession of a loaded weapon when he was stopped by a law enforcement officer. The defendant received a substantial benefit as a result of the plea bargain agreement whereby he was allowed to plead guilty to the lesser charge of attempted possession of a firearm by a convicted felon. The sentence imposed is not grossly disproportionate to the severity of the offense. Because the defendant pled guilty to an offense that did not adequately describe his conduct, we find that the trial court did not abuse its discretion by imposing the maximum sentence in this case.

*Id*. at 1061.

Based on the Defendant's criminal history, which included a prior charge for possession of a firearm by a convicted felon, the State's agreement not to seek enhancement of the sentence under the habitual offender statute, La.R.S. 15:529.1, and the fact that he pled guilty to an offense that did not adequately describe his conduct, we find that the Defendant's sentence is not excessive.

We have not considered the Defendant's claim that the trial court failed to comply with the mandates of La.Code Crim.P. art. 894.1, as this issue was not raised in the Motion to Reconsider Sentence. *See State v. Massey*, 08-839 (La.App. 3 Cir. 12/10/08), 999 So.2d 343.

Further, in *State v. Narcisse,* 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, the court held in pertinent part:

> [A] trial judge lacks authority under La.R.S. 15:57[1].3(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La.1/26/96), 666 So.2d 661. . . . When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

In this case, the trial court merely *advised* the defendant that, pursuant to La.Code Crim.P. art. 894.1, he was not eligible for diminution of sentence. Whether the advisement was correct has no effect on his sentence, since the statute governing such credit, La.R.S. 15:571.3, is directed exclusively to the Department of Corrections. *Id.*

## DISPOSITION

For the reasons set forth herein, we affirm the Defendant's sentence in all respects.

**AFFIRMED.**