WALTER J. ROTHSCHILD, Judge.
12Pefendant, Tirón Dickerson, was charged with one count of distribution of heroin in violation of LSA-R.S. 40:966(A) (count one), three counts of distribution of cocaine in violation of LSA-R.S. 40:967(A) (counts two, three, and four), and two counts of distribution of heroin within 1000 feet of a posted drug-free zone in violation of LSA-R.S. 40:981.3 (counts five and six). Defendant pled not guilty to these charges, and the bill of information was subsequently amended as to count six to charge defendant with distribution of co *514 caine, instead of heroin, within 1000 feet of a posted drug-free zone.
Defendant then withdrew his not guilty pleas and pled guilty as charged to all counts, including the amended offense in count six. The trial judge imposed concurrent, 17-year sentences with the Department of Corrections. The first five years of the sentences imposed for counts one, five, and six were ordered to be served without the benefit of parole, probation, or suspension of sentence. The |3first two years of the sentences imposed for counts two, three, and four were ordered to be served without the benefit of parole, probation, or suspension of sentence. Following sentencing, defendant filed a pro se “Motion to Amendment [sic] and/or Modify Sentence,” which was denied by the trial court.
On the same date, the State filed a multiple offender bill of information, alleging that defendant was a second felony offender. Defendant stipulated to the allegations in the multiple bill. The trial judge then vacated defendant’s original sentence on count two and sentenced defendant to 17 years imprisonment at hard labor without the benefit of probation or suspension of sentence, to run concurrently with all other counts.
This appeal follows.

FACTS

Defendant pled guilty to the charges, without proceeding to trial. The allegations in the bill of information indicate that defendant distributed heroin on or about December 28, 2007 (count one). He distributed cocaine on or about December 19, 2007 (count four), December 27, 2007 (count two), and January 4, 2008 (count three). On or about January 10, 2008, defendant distributed heroin and cocaine within 1000 feet of a posted drug-free zone (counts five and six).

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530-31 (La.App. 4 Cir.1990),[1] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find |4any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.

DISCUSSION

In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. *515 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an | .^independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel sets forth a procedural history of the case and notes that the facts in the case were not revealed since defendant pled guilty and no motions were heard and transcribed. She provides that after a conscientious and thorough review of the trial court record she can find no non-frivolous issues to raise on appeal. She also contends that she can find no ruling of the trial court which arguably supports the appeal. She explains that there is no ruling to challenge because no motions were heard or transcribed, noting that defendant pled to the charges and the subsequent multiple bill. She provides that she considered raising an excessive sentence argument but concluded that such a claim would be frivolous, noting that defendant was told what his sentence would be. She contends that defendant was told the sentencing range that he faced as a second felony offender and was informed of his underlying sentence in the plea colloquy. She claims that defendant’s 17-year sentence would not be considered constitutionally excessive. She requests that this Court grant her motion to withdraw as counsel of record.
In her motion to withdraw, appellate counsel contends that she has notified defendant of the filing of her motion and advised him of his right to file a pro se brief in the appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed. Defendant subsequently filed a pro se brief, arguing that his sentence is “harsh.”
|fiThe State responds that counsel has shown a conscientious and thorough review and recitation of the procedural history of the case and has cast an advocate’s eye over the record and determined that there are no significant non-frivolous issues upon which to base an appeal. The State contends that no pretrial motions were heard, ruled upon, or preserved for review. The State notes that defendant signed a waiver of rights form that included his right to a trial by jury, his right to confront witnesses, and his right against self-incrimination. The State also notes that there was an oral Boykin examination in court. The State explains that a guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the entry of the *516 guilty plea and precludes review of such defects. The State concludes that there are no jurisdictional defects in the proceedings.
Further, the State contends that defendant is procedurally barred from appealing his sentence that was given in accordance with a plea agreement, noting that this was the reason that the court denied defendant’s motion to amend or modify his sentence. The State further explains that defendant was made aware of the sentence he would receive as a multiple offender. The State contends that defendant’s sentence in this case is proper and not subject to further review. The State concludes that appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles and should be granted her request to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently 17identifies defendant and the crimes charged. See generally LSA-C.Cr.P. arts. 464-66.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty pleas, his sentencing, and his multiple offender proceedings, including his stipulation to the allegations and his sentencing. As such, defendant’s presence does not present any issue that would support an appeal.
Further, defendant pled guilty and admitted to being a second felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer, 97-465, p. 9 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
Several pretrial motions were filed in this case, including motions to suppress a statement, evidence, and identification. The record does not reflect that these motions were ruled upon prior to the guilty plea. When a defendant does not object to the trial court’s failure to hear or rule upon a pretrial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Further, no rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
We find that the record does not reveal any irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are | ^constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin[3] colloquy is inadequate, or when a *517 defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
The record shows that defendant was aware he was pleading guilty to one count of distribution of heroin, three counts of distribution of cocaine, one count of distribution of heroin within a school zone area, and one count of distribution of cocaine within a school zone area. Although counsel did not contend in her brief that she had considered whether defendant was properly advised of his rights, we find the advisal was proper. Defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama. Defendant was advised of these rights by means of the waiver of rights form, where he initialed each right, and the colloquy between defendant and the judge. Defendant indicated that he understood that he was waiving these rights.
Defendant further indicated that he was satisfied with the way his attorney and the trial judge handled his case. He stated that he had not been forced, coerced, or threatened to enter his guilty pleas. Defendant indicated that he understood the possible legal consequences of pleading guilty, but wished to plead guilty at that time. He also indicated that he understood that by pleading guilty to a felony that a future felony conviction could result in the sentence being enhanced. The judge indicated that he was satisfied that there was a factual basis for the [9acceptance of the pleas and accepted them as knowingly, intelligently, freely, and voluntarily made.
By the waiver of rights form, defendant was advised that he faced possible sentencing ranges of 5 to 50 years for count one, 2 to 30 years for counts two, three, and four each, and 0 to 45 years for counts five and six each. Defendant was told that if his guilty pleas were accepted, he would receive 17-year sentences at hard labor, with each count to run concurrently.
During the colloquy, the judge advised defendant that he faced the following penalty ranges: 5 years with the Department of Corrections and without benefit of parole, probation, or suspension of sentence to 50 years with the Department of Corrections for count one; 2 years with the Department of Corrections and without benefit of parole, probation or suspension of sentence to 30 years with the Department of Corrections for counts two, three, and four; 5 years with the Department of Corrections and without benefit of parole, probation, or suspension of sentence to 75 years with the Department of Corrections for count five; and 5 years with the Department of Corrections and without benefit of parole, probation, or suspension of sentence to 45 years with the Department of Corrections for count 6. Defendant was told that if the judge accepted the guilty pleas he would be sentenced to 17 years with the Department of Corrections on each count, to run concurrently with one another. He was further advised that for counts one, five, and six, the first five years of the sentence must be served without benefit of parole, probation, or suspension of sentence. He was further told that for counts two, three, and four, the first two years must be served without benefit of parole, probation, or suspension of sentence.
Additionally, defendant later admitted to a prior conviction that was the result of a guilty plea, thus indicating he had prior experience with the criminal | injustice system. See State v. Davis, 02-387 (La.App. 5 Cir. 9/30/02), 829 So.2d 554, 560.
*518 Defendant’s sentences do not present issues for appeal. Defendant’s sentences were imposed pursuant to a plea agreement. Defendant knew what his sentences would be if he chose to plead guilty. Defendant received sentences in conformity with the agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Further, defendant’s sentences fall within the sentencing ranges prescribed by statute.
Defendant pled guilty to one count of distribution of heroin (count one) in violation of LSA-R.S. 40:966(A). LSA-R.S. 40:966(B)(1) provides for a sentence of imprisonment for not less than 5 years, nor more than 50 years at hard labor, with at least 5 years to be served without the benefit of probation or suspension of sentence. In addition, a fine may be imposed for this violation of not more than $50,000. Defendant was sentenced to 17 years imprisonment to be served with the Department of Corrections, with the first 5 years being served without the benefit of parole, probation, or suspension of sentence.
Defendant pled guilty to three counts of distribution of cocaine (counts two, three, and four) in violation of LSA-R.S. 40:967(A). For a sentence for distribution of cocaine, LSA-R.S. 40:967(B)(4)(b) provides for a sentence of imprisonment at hard labor for not less than 2 years nor more than 30 years, with the first 2 years of the sentence to be served without benefit of parole, probation, or suspension of sentence. Further, LSA-R.S. 40:967(B)(4)(b) provides for a possible fine of not more than $50,000. See McKenzie, 09-893 at 10, 61 So.3d at 59. |n Defendant was sentenced to 17 years imprisonment with the Department of Corrections, with the first 2 years of the sentences to be served without the benefit of parole, probation, or suspension of sentence. Of note, the sentence for count two was vacated before defendant was resentenced as a multiple offender.
Defendant pled guilty to one count of distribution of heroin within 1000 feet of a posted drug-free zone (count 5) in violation of LSA-R.S. 40:981.3. LSA-R.S. 40:981.3(E)(1) provides for imposition of the maximum fine and imprisonment for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of LSA-R.S. 40:966 through R.S. 40:970. According to LSA-R.S. 40:981.3(E)(2), the sentence is not subject to parole, probation, or suspension of sentence to the extent that the minimum sentence for violation of the felony provision of LSA-R.S. 40:966 through R.S. 40:970 is not subject to parole, probation, or suspension of sentence. LSA-R.S. 40:966(B)(1) provides for the sentencing on a distribution of heroin violation. LSA-R.S. 40:966(B)(1) provides for a sentence of imprisonment for not less than 5 years, nor more than 50 years at hard labor, with at least 5 years to be served without benefit of probation or suspension of sentence. In addition, a fine may be imposed for this violation of not more than $50,000. As such, for this count, defendant faced a sentence of imprisonment of not more than 75 years without benefit of probation or suspension of sentence for at least 5 years. Also, he should have received a fine of $50,000. See LSA-R.S. 40:966(B)(1); LSA-R.S. 40:981.3. Defendant was sentenced to 17 years imprisonment with the Department of Corrections, with the first 5 years required to be served without the benefit of parole, probation, or suspension of sentence.
*519 Defendant pled guilty to one count of distribution of cocaine within 1000 feet of a posted drug-free zone (count 6) in violation of LSA-R.S. 40:981.3. Pursuant toJjjLSA-R.S. 40:981.3 and LSA-R.S. 40:967, the sentencing range for distribution • of cocaine in a drug-free zone is between 2 and 45 years at hard labor with a fine of $50,000. Further, the sentence is required to be imposed without benefit of parole, probation, or suspension of sentence for the first two years. McKenzie, 09-893 at 10, 61 So.3d at 59. Defendant was sentenced to 17 years imprisonment with the Department of Corrections, with the first 5 years required to be served without the benefit of parole, probation, or suspension of sentence.
Based on the foregoing, the proceedings surrounding defendant’s guilty pleas and his sentences do not present any non-frivolous appealable issues.
As to the multiple bill proceedings, defendant executed a waiver of rights form, which reflects that defendant admitted that he was a second felony offender with a prior felony conviction as listed in the multiple bill that was attached to the waiver of rights form. The form reflects that a copy of the multiple bill was given to him and reviewed by him, as well as by his attorney. By means of this form, defendant indicated that he understood that he was giving up his right to have a hearing. The form explains what the District Attorney was required to prove at such a hearing. He also indicated that he understood that he had the right to remain silent throughout the hearing and that his silence would not be held against him. Defendant also initialed these rights in which he was waiving. The form reflects that defendant faced a sentencing range of 15 to 60 years as a multiple offender, and that defendant would receive 17 years with the “DOC.” Defendant indicated that he was satisfied with his attorney and the court in their efforts to explain the rights he was waiving and the consequences of his guilty plea. Defendant indicated that he was not forced, coerced, or threatened to plead guilty. He further indicated that he understood the possible legal consequences of pleading guilty and wished to plead guilty at the time. The form was signed by defendant, his attorney, 113and the judge, who indicated he was accepting the plea as knowingly, intelligently, freely, and voluntarily made by defendant.
During the multiple bill colloquy, defendant indicated that he recognized the waiver form and multiple bill and went over them with his attorney, who answered any questions he may have had. Defendant agreed he was a multiple offender. The Court then advised defendant he had a right to a hearing and explained what the State would be required to prove at the hearing. He also advised defendant he had a right to remain silent at such a hearing. Defendant agreed he was a second felony offender, and the court provided that it was satisfied with the factual basis and accepted defendant’s stipulation as to the multiple bill as knowingly, intelligently, freely, and voluntarily made by defendant. Defendant was not advised during the colloquy as to the sentencing range he was exposed to or as to what sentence he would receive if his stipulation was accepted by the trial judge. However, as noted before, the waiver of rights form for the multiple bill did set forth the sentencing range and the enhanced sentence he would receive.
Of note, the record does not reflect that defendant was informed, either by the waiver of rights form or during the colloquy, about the restriction of benefits for his enhanced sentence. However, this does not affect the voluntariness of his stipulation to the multiple bill. See State *520 v. Harrell, 09-364, pp. 16-17 (La.App. 5 Cir. 5/11/10), 40 So.3d 311, 321; State v. Landfair, 07-751, pp. 5-6 (La.App. 5 Cir. 3/11/08), 979 So.2d 619, 622-23, writ denied, 08-1143 (La.1/9/09), 998 So.2d 713. The record does not indicate that the availability of benefits was a material factor affecting defendant’s decision to plead guilty. Additionally, the record in this case shows defendant was advised of his Boykin rights and that his guilty pleas appear knowing and voluntary.
| ^After stipulating to the multiple bill, the trial judge imposed a sentence in conformity with the plea agreement. This Court has consistently recognized that LSA-C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed prior to “pleading guilty.” State v. Moore, 06-875, p. 15 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46. Further, defendant’s sentence was within the sentencing range. The term of imprisonment for a second felony offender “shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” See LSA-R.S. 15:529.1. A conviction on a charge of distribution of cocaine carries a term of imprisonment at hard labor for not less than 2 years nor more than 30 years, with the first 2 years of the sentence being without benefit of parole, probation, or suspension of sentence. See LSA-R.S. 40:967(B)(4)(b). Thus, as a second felony offender, defendant was subject to a sentencing range of 15 to 60 years, without benefit of probation or suspension of sentence for the entire term, and without parole, probation, or suspension of sentence for the first 2 years. State v. Hill, 09-89, p. 6 (La.App. 5 Cir. 5/26/09), 15 So.3d 1042, 1045 n. 5.
Further, by stipulating to the multiple bill, defendant waived his right to a hearing and to any possible non-jurisdictional defects. Defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived the hearing. See Schaefer, supra.
Based on the foregoing, the proceedings surrounding defendant’s stipulation to the multiple bill, as well as his enhanced sentence, do not present any non-frivolous appealable issues.
Defendant filed a pro se motion to amend and/or modify his sentence in the interest of justice which was denied by the trial court, noting that defendant had already begun serving his sentence at hard labor and that he could not seek review | lfiof the sentences, which were imposed in conformity with a plea agreement. This ruling does not present any issues for appeal. As stated previously herein, defendant received sentences in accordance with his plea agreements.
In his pro se appellate brief, defendant challenges his sentence. Defendant argues that after he was adjudicated a multiple offender he was sentenced to serve 17 years at hard labor without benefit of probation or suspension of sentence. He claims this sentence is harsh for non-violent charges and runs afoul of the Eighth Amendment to the United States Constitution. He also suggests that the trial court failed to consider mitigating factors in his case, noting that he is a young father with a family to support and a working class citizen who was apprehended for a small quantity of drugs. He concludes that the court failed to offer him rehabilitative alternatives to his sentence and/or tailor his sentence to fit his situation. He requests that the case be remanded to the trial court for resentencing under LSA-C.Cr.P. art. 894.1.
*521 However, as previously stated herein, defendant cannot seek review of his sentences, which were imposed in conformity with his plea agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See Washington, 05-211 at 5, 916 So.2d at 1173. Likewise, this Court has consistently recognized that LSA-C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. Moore, 06-875 at15, 958 So.2d at 46. Although defendant argues that the trial court failed to properly consider the sentencing guidelines of LSA-C.Cr.P. art. 894.1, the mention of these guidelines was unnecessary because the sentences were agreed upon pursuant to a plea agreement. See State v. Scott, 44,509, p. 3 (La.App. 2 Cir. 8/19/09), 17 So.3d 1058, 1060. We therefore find no merit in defendant’s assignment of error.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s convictions and sentences, as well as his multiple offender proceedings and sentence, are hereby affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The following matters were discovered:
According to the transcript, defendant pled guilty to distribution of heroin— count one. However, the commitment reflects that defendant pled guilty to “DIST/WITD ... HEROIN.” Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983). We find that the commitment must be corrected to avoid any confusion as to the offense. See State v. Goodwin, 05-51, p. 7 (La.App. 5 Cir. 6/28/05), 908 So.2d 56, 60.
Further, the offense for which defendant pled guilty for counts two, three, and four are described in the commitment as “DIST/POSS. WITD OF A CDS COCAINE.” The transcript provides that defendant pled guilty to distribution of cocaine for counts two, three, and four. Again, the transcript prevails. See Lynch, supra. The commitment must be corrected to avoid any confusion as to the offenses. See State v. Roche, 09-684, p. 7 (La.App. 5 Cir. 3/23/10), 39 So.3d 706, 710, writ denied, 10-0930 (La.11/19/10), 49 So.3d 396.
117Although the commitment does not specify that each individual sentence was imposed at hard labor, the commitment does reflect that the 17-year sentence was to be served at hard labor. The commitment must also be corrected to show that each individual sentence was imposed at hard labor.
Next, the record shows that defendant received an illegal sentence for his distribution of heroin sentence for count one. Defendant was sentenced to 17 years imprisonment, with the first 5 years being served without the benefit of parole, probation, or suspension of sentence. LSA-R.S. 40:966(B)(1) provides for a sentence of imprisonment with at least 5 years of the imprisonment to be served without probation or suspension of sentence. The statute does not provide for the prohibition *522 of parole. When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme Court has ruled that the Courts of Appeal “should not rely on La.R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La.C.Cr.P. art. 882 to correct an illegal sentence ‘at any time.’ ” State v. Sanders, 04-0017 (La.5/14/04), 876 So.2d 42 (per curiam). Pursuant to LSA-C.Cr.P. art. 882(A), we hereby amend defendant’s sentence to delete the prohibition on parole. See State v. Dee, 09-712, pp. 17-18 (La.App. 5 Cir. 2/23/10), 34 So.3d 892, 903, writ denied, 10-0705 (La.10/29/10), 48 So.3d 1097.
Further, for count five, distribution of heroin within 1000 feet of a drug-free zone, defendant’s sentence should have been imposed without benefit of probation or suspension of sentence for five years. See LSA-R.S. 40:966(B)(1); LSA-R.S. 40:981.3. However, in sentencing defendant on count five, the trial judge said the first five years would be without benefit of parole, probation, or suspension of | issentence. Pursuant to LSA-C.Cr.P. art. 882(A), we amend defendant’s sentence to delete the prohibition on parole for count five as well.
We further find that defendant also received an illegal sentence for count six, distribution of cocaine within 1000 feet of a drug-free zone. Pursuant to LSA-R.S.40:981.3 and LSA-R.S. 40:967, the sentence was required to be imposed without benefit of parole, probation, or suspension of sentence for the first two years. McKenzie, 09-893 at 10, 61 So.3d at 59 (Emphasis added). Defendant was sentenced to 17 years imprisonment with the Department of Corrections, with the first five years to be served without the benefit of parole, probation, or suspension of sentence. We therefore amend defendant’s sentence to reflect that only two years of the sentence for count six is without the benefit of parole, probation or suspension of sentence.

DECREE

The conviction of defendant Tirón Dickerson is hereby affirmed. The sentence is amended to delete the prohibition of parole for counts one and five, and to reflect that only two years of the sentence imposed on count six is without the benefit of parole, probation or suspension of sentence. As amended, the sentence is affirmed. The matter is further remanded for correction of the commitment as follows: count one— distribution of heroin; counts two, three and four — distribution of cocaine. Finally, the commitment should be corrected to reflect that the sentences for each count were imposed at hard labor. We also direct the district court to make the entries in the commitment reflecting this change and direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced and the Department of Correction’s Legal Department. See LSA-C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam). Appellate counsel’s motion to withdraw is granted.

CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; CASE REMANDED FOR CORRECTION OF THE COMMITMENT; MOTION TO WITHDRAW GRANTED

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).